UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT EDWARDS,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-645 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant State of Nevada's motion to dismiss. (ECF No. 15). Plaintiff filed a response (ECF No. 17). Defendant has not replied, and the time for doing so has since passed.

Also before the court is defendant City of Las Vegas' motion to dismiss. (ECF No. 9). Plaintiff filed a response (ECF No. 17). Defendant has not replied, and the time for doing so has since passed.

Also before the court is defendants Krista Barrie, County of Clark, Sandra Digiacomo, Stephen L. George, and Christopher Pandelis' motion to dismiss. (ECF No. 6). Plaintiff Robert Ambrose Edwards filed a response (ECF No. 17), to which defendants replied (ECF No. 19).

**I. Facts**

Plaintiff filed the underlying action *pro se* on March 2, 2017, against the above-named defendants. (ECF No. 1). Plaintiff alleges that he was charged in Henderson Justice Court with working without proper licenses. *Id.* at 4. On March 23, 2016, plaintiff made a special appearance to challenge the court's jurisdiction. *Id.* at 5. Following an hour-long recess for lunch, plaintiff asserts that he did not return to court because he was ill. *Id.* at 6. Subsequently, a bench warrant

1 for plaintiff's arrest was issued and executed. *Id.* Plaintiff's civil suit stems from the arrest and alleges several causes of action. *Id.* at 6-12.

**II.     Legal Standard**

  *i.     Process and service of process*

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D.Cal. 2005) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F .2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of process or insufficiency of service of process, the court has discretion to dismiss an action or simply quash service. *See e.g., SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

  Service on a state government must be made "in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2)(b). In Nevada, any action against the state "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit" and served upon both the Attorney General and "[t]he person serving in the office of administrative head of the named agency." N.R.S. 41.031(2).

  *ii.     Failure to state a claim*

  A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**III. Discussion**

   *i.   Defendant State of Nevada's motion to dismiss*

In the State of Nevada's motion, it moves to dismiss plaintiff's claims for failure of proper process and service of process, as provided for in Rules 4 and 5 of the Federal Rules of Civil Procedure. (ECF No. 15).

Here, defendant argues for dismissal of plaintiff's claims based on plaintiff's failure to adhere to the requirements of Rule 4 and the applicable Nevada statute. (ECF No. 15 at 2).

The court agrees. In his complaint, plaintiff names the State of Nevada as defendant, but fails to relate the defendant to the agency in question—Nevada State Contractors Board ("NSCB")—as required by statute. (ECF No. 1-2 at 1). Additionally, service was not properly effectuated as to the State of Nevada or NSCB. First, regarding the State of Nevada, plaintiff erred in serving the state's administrative office in Carson City, rather than the Attorney General. (ECF No. 2). Second, regarding the NSCB, plaintiff improperly named and served the NSCB investigator rather than the "administrative head" as proscribed by NRS 41.031(2). *Id.* Thus, the court will grant defendant's motion to dismiss based on the provisions of Rules 4 and 5 of the Federal Rules of Civil Procedure.

   *ii.   Defendant City of Las Vegas' motion to dismiss*

In its motion, defendant City of Las Vegas moves to dismiss plaintiff's claims against it on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9).

Here, defendant argues that plaintiff's claims are solely against its co-defendants, and that the indirect reference to defendant, (ECF No. 1-2 at 6), is not a legally cognizable claim upon which this court can grant relief. (ECF No. 9 at 3).

The court agrees. At no point, in the five causes of action alleged in his complaint, does plaintiff make any direct allegation against the defendant. The nexus between plaintiff and defendant is extremely tenuous even under the most liberal of standards. Indeed, defendant's only connection to plaintiff's case is the fact that, upon arrest, plaintiff was taken to a jail within defendant's jurisdiction. All of the named defendants are employees or agents of either the County of Clark or the State of Nevada, not defendant. Plaintiff fails to adequately state a claim against

James C. Mahan
U.S. District Judge

defendant upon which this court can grant relief. Thus, the court will grant defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555.

### iii. Defendant Barrie's (et al) motion to dismiss

Defendants Barrie, County of Clark, Digiacomo, George, and Pandelis move to dismiss under the provisions of *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 6). The court, however, need not address to merits of defendants' argument.

The plaintiff's claims against defendants fail to plausibly state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678. Plaintiff asserts—based upon his views under the Sovereign Citizen ideology—that defendants lacked authority and jurisdiction over his person and actions. As defendants note, plaintiff's complaint does not label its causes of action. Further, the complaint does not articulate cognizable claims upon which relief can be granted. Plaintiff misstates the jurisdictional holding in *Cohens v. Virginia*, 19 U.S. 264, and uses unfounded conclusory statements in an attempt to apply its holding to defendants. (ECF No. 1-2 at 5). Plaintiff further attempts to use federal and state statutes to argue against the jurisdiction of the state court regarding the state law charges lodged against him. *Id.* at 7-8. Plaintiff's arguments to this end are legally frivolous. Again, the plaintiff uses conclusory statements that fail to approach the required threshold of stating a claim on which relief can plausibly be granted. *Cf. Iqbal*, 556 U.S. at 681 (holding that the conclusory nature of respondent's assertions barred him from relief). For the forgoing reasons the court will grant defendants' motion to dismiss. *See id.* at 687.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant State of Nevada's motion to dismiss, (ECF No. 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant City of Las Vegas' motion to dismiss, (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Barrie, County of Clark, Digiacomo, George, and Pandelis' motion to dismiss, (ECF No. 6) be, and the same hereby is, GRANTED.

Plaintiff's claims against defendants will be dismissed without prejudice.

DATED November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE